Donald T. CLARKIN & Lumber, Inc.,
Plaintiffs-Respondents,

v.

John DINGELDEIN & Operative Plasterers & Cement
Masons, Int'l Ass'n, Local 257, Defendants-Appellants.

Court of Appeals

*No. 81–1372. Submitted on briefs January 6, 1982.—
Decided April 27, 1982.*
(Also reported in 320 N.W.2d 40.)

For the appellant there were briefs by *Scott D. Soldon*
and *Goldberg, Previant, Uelmen, Gratz, Miller, Levy and
Brueggeman, S.C.,* of Milwaukee.

For the respondent there was a brief by *Marvin H.
Davis* and *Joanis, Davis, Ablan & Joanis* of La Crosse.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J. John Dingeldein and the Operative Plasterers & Cement Masons International Association, Local 257, appeal an order denying their motion for reimbursement of the costs and attorney's fees they incurred in opposing Donald Clarkin's action to enjoin the Local from picketing a job site. The Local contends that the trial court lacked jurisdiction over the matter and, consequently, it erred in granting Clarkin injunctive relief. We agree that the court did not have jurisdiction to grant the injunction and conclude that the Local is entitled to recover its costs and fees. We therefore reverse the order and remand the matter to the trial court for its determination of the amount of costs and fees to be awarded.

Lumber, Inc., which is owned by Clarkin and John Wiebke, was the general contractor on a construction project in Onalaska, Wisconsin. Poellinger, Inc., was a subcontractor on the project responsible for plastering, sheetrock, and stucco work. The Local had a contract with Poellinger that expired on March 31, 1981. On April 3, 1981, the Local's members began picketing the project. Other union workers honored the Local's picket line.

Clarkin brought this action to enjoin the Local's picketing, alleging that because he had discharged Poellinger from the project, the Local's action constituted a secondary boycott in violation of sec. 111.06(2)(g), Stats. The trial court found that the Local's activities constituted a secondary boycott in violation of Wisconsin law and in violation of the National Labor Relations Act. The court also concluded that the dispute was "basically a matter of local concern" and denied the Local's motion to dismiss the complaint for lack of state subject matter jurisdiction. After Clarkin filed a $2,500 undertaking as required by sec. 103.56(5), Stats., the court issued a temporary injunction prohibiting the Local's picketing.

Approximately two weeks after the issuance of the injunction, Clarkin moved to dissolve the injunction. After the court granted this motion, the Local, contending that the injunction had been erroneously granted because the court lacked jurisdiction over the matter, moved for its costs and attorney's fees pursuant to sec. 103.56(5). The court reaffirmed its position that it had jurisdiction and denied the Local's motion.

We conclude that the trial court lacked jurisdiction to enjoin the Local's picketing. The trial court found that the Local's activities constituted a secondary boycott, contrary to sec. 8(b)(4) of the National Labor Relations Act, codified at 29 U.S.C. § 158(b)(4) (1973). Where the activities sought to be enjoined violate the Act, state jurisdiction is preempted.

When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.

*San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 244 (1959), *quoted in Dietz Construction Co. v. Local 2351, Carpenters Union,* 43 Wis. 2d 189, 195, 168 N.W.2d 289, 291 (1969).

Although there are exceptions to the federal preemption doctrine, the activities Clarkin sought to enjoin did not fall within any of the exceptions. *Dietz* recognized that state jurisdiction may not be preempted when the regulated activity is "of peripheral concern of the N.L.R.B. or . . . [touches] interests deeply rooted in local responsibility." *Dietz,* 43 Wis. 2d at 197, 168 N.W. 2d at 292. Interests deeply rooted in local responsibility include libel, violence, wrongful expulsion from union membership, and mass picketing. *Id.* No evidence pre-

sented at the hearing for injunctive relief indicated that the Local's dispute with Poellinger, Inc., was of peripheral concern to the N.L.R.B. or involved any of the situations identified in *Dietz* as touching deeply-rooted local interests.

Clarkin argues that we should remand the matter to the trial court for its determination of whether the N.L.R.B. would have assumed jurisdiction over the dispute. We decline to do so. It was Clarkin's obligation to demonstrate that the N.L.R.B. would not exercise jurisdiction over the matter. *Dietz,* 43 Wis. 2d at 201, 168 N.W.2d at 294; *accord Langrehr v. United Brotherhood of Carpenters Local 772,* 236 N.W.2d 339 (Iowa 1975) ; *Russell v. Electrical Workers Local 569,* 48 Cal. Rptr 702, 409 P.2d 926 (1966). Having failed to do so, Clarkin did not establish a case for state court injunctive relief.

Because the trial court lacked jurisdiction over Clarkin's dispute with the Local, its injunction was erroneously issued. Under sec. 103.56(5) the party seeking an injunction in labor-management disputes is required to:

file an undertaking with adequate security sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

Although our research has disclosed no Wisconsin cases applying this section, federal cases interpreting the virtually identical language of the Norris-LaGuardia Act, codified at 29 U.S.C. § 107(e) (1973), have held that the award of costs and attorney's fees is proper when an injunction has been erroneously or improvident-

ly granted. *See Associated General Contractors v. Illinois Conference of Teamsters*, 486 F.2d 972, 975 (7th Cir. 1973); *Elgin, Joliet & Eastern Railway Co. v. Brotherhood of Railroad Trainmen*, 302 F.2d 540, 545 (7th Cir. 1962). *General Contractors*, however, construed the statute to limit the award of costs and fees to the amount of the undertaking.

We agree with the result reached in *General Contractors* and, accordingly, conclude that the Local is entitled to recover its reasonable costs and attorney's fees up to the amount of Clarkin's undertaking, or $2,500. We are, however, unable to order that the Local's claim be paid out of Clarkin's undertaking. The fees claimed by the attorneys who were primarily responsible for opposing Clarkin's action total $1,668. The hourly charge and the amount of time spent appear to be reasonable. The record, however, does not contain an itemization of the fees claimed by the attorney who initially represented the Local. The reasonableness of his fees and the possible division of the bond between counsel is a matter to be decided by the trial court.[1]

*By the Court.*—Order reversed and cause remanded.

---

[1] We note that the affidavit of the Local's attorney requests costs totaling $600.95. Included in these costs is $100 in statutory costs pursuant to § 814.04, Stats. The Local cannot recover statutory costs in addition to actual costs. We also note that a § 103.56(5), Stats., recovery does not prevent the enjoined party from bringing an independent action to recover costs and fees over and above the amount of the undertaking. *See* § 103.56(6), Stats; *Associated General Contractors v. Illinois Conference of Teamsters*, 486 F.2d 972, 975 (7th Cir. 1973).

The order dismissing the Local's motion for costs and fees does not expressly provide for the return of Clarkin's undertaking. Because the Local's appeal did not stay the execution of the order appealed from, § 808.07(1), Stats., and because the record contains nothing to indicate the status of the undertaking, whether the Local is entitled to the relief it seeks under § 103.56(5) is also a matter to be determined by the trial court.